UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

SARKIS SHAHIN and EL PALACIO DE
LA COMIDA LLC A/K/A EL IMPERIO
DE LA COMIDA LLC D/B/A EL
IMPERIO DE LA COMIDA,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SARKIS SHAHIN and EL PALACIO DE LA COMIDA LLC A/K/A EL IMPERIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, SARKIS SHAHIN, owned and managed a

1

commercial property at 1325 E 4th Avenue, Hialeah, Florida 33010 (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5. 5. At all times material hereto, Defendant, SARKIS SHAHIN, was and is an individual residing in the State of Florida, with his principal residence located in Miami-Dade County, Florida, and who is otherwise *sui juris*.

6. At all times material Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, owned and operated a cafeteria and restaurant listed with its address at 1325 E 4th Avenue, Hialeah, Florida 33010 (hereinafter the "commercial cafeteria" or "commercial cafeteria and restaurant"), which is located within Co-Defendant, NARDINI INTERNATIONAL INVESTMENT, LLC 's, commercial property, and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7. At all times material, Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami-Dade County, Florida.

8. Venue is properly located in the Southern District of Florida because Defendants' commercial property, cafeteria and restaurant are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

9. Although well over thirty-three (33) years has passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair. He additionally has limitations involving his arms and hands. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13. Defendant/landlord, SARKIS SHAHIN owns, operates and/or oversees the commercial property, to include its general parking lot and parking spots specific to the cafeteria and restaurant business operating within the commercial property and all other common areas open to the public located within the commercial property.

3

14. Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, owns, operates and oversees the cafeteria and restaurant within its commercial property, to include the entrance and interior to its cafeteria and restaurant business therein and parking areas, all other interior and exterior pathway and aisles, access to commercial goods and services (to include the cafeteria and restaurant areas), and restroom areas, which are open to the public located within the commercial property.

15. Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA is a Cuban cafeteria and restaurant specializing in Cuban food and cuisine and it attracts customers from all over South Florida.

16. The subject commercial property and cafeteria and restaurant are open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property, cafeteria and restaurant regularly, to include visits to the commercial property and business located within the commercial property on November 14, 2025, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property. He often visits the commercial property and the cafeteria and restaurant located within the commercial property in order to avail himself of the goods and services offered there, and because it is close to thirty-five (35) miles from his residence and is near other businesses he frequents as a patron.  He plans to return to the commercial property and cafeteria and restaurant within two (2) months from the date of the filing of this Complaint.

17. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial property, cafeteria and restaurant business located within the commercial property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the commercial property, cafeteria and restaurant business located within the commercial property and wishes to continue

his patronage and use of the premises.

18. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject places of public accommodation. The barriers to access at Defendants' commercial property, cafeteria and restaurant business have each denied or diminished Plaintiff's ability to visit these places of public accommodation and have endangered his safety in violation of the ADA. The barriers to access, which is set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

19. Defendant, SARKIS SHAHIN owns and operates a commercial property which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, SARKIS SHAHIN is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, SARKIS SHAHIN owns and operates is the commercial property and/or businesses located at 1325 E 4th Avenue, Hialeah, Florida 33010.

20. Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, owns and operates a cafeteria and restaurant which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, owns and operates within the commercial property is the cafeteria and restaurant business located at 1325 E 4th Avenue, Hialeah, Florida 33010.

21. Defendant/Landlord, SARKIS SHAHIN as owner of the commercial property and

Co-Defendant/Tenant, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA, as its tenant and owner of the cafeteria and restaurant business within the commercial property, are together jointly and severally liable for all ADA violations listed in this Complaint.

22. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property, cafeteria and restaurant, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, cafeteria and restaurant, in violation of the ADA. Plaintiff desires to visit the commercial property and commercial cafeteria and restaurant business located therein, not only to avail himself of the goods and services available at the commercial property, cafeteria and restaurant within the commercial property, but to assure himself that the commercial property, cafeteria and restaurant businesses are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial property without fear of discrimination.

23. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property cafeteria and restaurant business within the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I –ADA VIOLATIONS BY DEFENDANT/LANDLORD, SARKIS SHAHIN AND DEFENDANT/TENANT, EL PALACIO DE LA COMIDA LLC D/B/A EL IMPERIO DE LA COMIDA**

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants, SARKIS SHAHIN and EL PALACIO DE LA COMIDA LLC D/B/A

EL IMPERIO DE LA COMIDA have together discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A. <u>Parking</u>

　　i.　　The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

　　i.　　The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

　　ii.　　The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

　　iii.　　The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes,

violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

C. <u>Access to Goods and Services</u>

   i. There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

D. <u>Public Restrooms</u>

   i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii. The Plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv. The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    viii.    The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

26.    The discriminatory violations described in this Complaint is not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further

ingress, use, and equal enjoyment of the commercial place of public accommodation/cafeteria and restaurant; Plaintiff requests the opportunity to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

27. The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property, cafeteria and restaurant business within the property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

28. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation and/or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq. for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services,

programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act.

31. Notice to each and/or either Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by each Defendant.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, to include the cafeteria and restaurant located within the commercial property located at 1325 E 4th Avenue, Hialeah, Florida 33010, including the interiors, exterior areas, and the common exterior areas of the commercial property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require both Defendants to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 26, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 w. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com, mds@ajperezlawgroup.com


By: ___/s/_*Anthony J. Perez*_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451